IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02478-LTB

**SOLOMON EDDIE BURNETTE**,

    Applicant,

v.

**T.K. COZZA RHODES**,

    Respondent.

---

**ORDER OF DISMISSAL**

---

Applicant, Solomon Eddie Burnette, is a prisoner in the custody of the Federal Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Burnette has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) challenging the validity of his conviction and sentence.

The Court must construe the habeas corpus application liberally because Mr. Burnette is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The Court may take judicial notice of its own records and files that are part of the Court's public records. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

On November 12, 2015, Magistrate Judge Gordon P. Gallagher ordered Applicant show cause in writing within thirty (30) days from the date of this order why the habeas

corpus application should not be denied because he had an adequate and effective remedy pursuant to 28 U.S.C. § 2255. Mr. Burnette failed to respond to that order. For the reasons stated below, this action will be dismissed.

Mr. Burnette was convicted, in the United States District Court for the Western District of Tennessee on four counts of drug related charges. See *United States v. Burnette*, No 02:95-cr-20082. As noted above, Mr. Burnette is challenging the validity of his conviction and sentence in this habeas corpus action. Even if his allegations were sufficient, they relate to his conviction and sentencing, not the execution of his sentence. These claims may not be raised in a habeas corpus action under § 2241.

The purposes of an application for a writ of habeas corpus pursuant to § 2241 and a motion pursuant to § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); see 28 U.S.C. § 2255(e).

Mr. Burnette bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective. *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). This burden is not easily satisfied because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed."

*Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances").  The test for determining whether the remedy provided in the sentencing court pursuant to § 2255 is inadequate or ineffective is whether Mr. Burnette's claim could have been raised in an initial § 2255 motion.  *See Prost*, 636 F.3d at 584.  "If the answer is yes, then the petitioner may not resort to the savings clause [in § 2255(e)] and § 2241."  *Id.*

The Court of Appeals for the Third Circuit explained the limited nature of § 2241 relief in *In re Dorsainvil*, 119 F.3d 245 (3d Cir.1997).  In that case, the Petitioner, Dorsainvil, had been convicted of a violation of 18 U.S.C. § 924(c)(1), which imposes punishment upon a person who "during and in relation to any ... drug trafficking crime ... uses or carries a firearm."  At his trial, Dorsainvil testified that he possessed the gun but denied that the gun was related in any way to the drug transaction, stating that he bought it for protection while living in Florida.  The jury convicted him on all counts. Thereafter in 1993, Dorsainvil unsuccessfully sought collateral relief from his sentence under 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel and double jeopardy.  In December of 1995, the Supreme Court decided *Bailey v. United States*, 516 U.S. 137, 150 (1995), wherein it held that the "use" language in 21 U.S.C. § 924 required the government to prove that the defendant "actively employed the firearm during and in relation to the predicate crime." Sometime in the summer of 1996, Dorsainvil filed a second § 2255 petition in the district court. In his second 2255 motion, Dorsainvil asserted that there was insufficient evidence to show that he actively employed a firearm in relation to a drug trafficking crime and, as a consequence, his conviction under 21 U.S.C. § 924 was unlawful.

The district court ruled that it did not have jurisdiction to address Dorsainvil's second 2255 motion due to the new "gate-keeping" provisions enacted in the AEDPA. In this regard, Congress enacted "gatekeeping" provisions in the AEDPA to prohibit prisoners from filing successive actions in federal court for collateral relief. The new provisions require a prisoner to obtain a certification from a three judge panel of the appropriate court of appeals before a successive motion for collateral relief may be considered by a federal district court.

With respect to federal prisoners such as Applicant, Congress amended 28 U.S.C. § 2255, in pertinent part, as follows.

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

The Court of Appeals for the Third Circuit concluded that Dorsainvil could not file a second 2255 motion under the gate-keeping provisions because his claim did not rely on newly-discovered evidence and the Bailey decision did not establish a new rule of constitutional law; rather, it merely interpreted existing law. Because Dorsainvil was precluded from raising his Bailey claim in a second 2255 motion, his remedy under § 2255 was "ineffective or inadequate." Accordingly, the court of appeals concluded that a petitioner in Dorsainvil's uncommon situation may resort to the writ of habeas corpus under

28 U.S.C. § 2241. *Dorsainvil*, 119 F.3d at 248. The court noted that relief under § 2241 was proper in this situation to avoid a miscarriage of justice because otherwise, a prisoner would not have an opportunity to challenge his conviction and, as a result, would be punished "for an act that the law does not make criminal." *Id.* at 251.

Applicant, however, has not presented any basis that would allow him to proceed under 28 U.S.C. § 2241. Specifically, Mr. Burnette fails to demonstrate that the remedy available to him pursuant to § 2255 in the sentencing court was inadequate or ineffective. The fact that Mr. Burnette may be time-barred from filing a § 2255 motion in the sentencing court is not enough, by itself, to demonstrate the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1178; *see also United States v. Montano*, 442 F. App'x 412, 413 (10th Cir. 2011) (concluding that § 2255 is not inadequate or ineffective for purposes of filing a writ of audita querela merely because relief under § 2255 may be time-barred). Therefore, Mr. Burnette will be ordered to show cause why this action should not be denied because he had an adequate and effective remedy pursuant to § 2255 in the sentencing court. Accordingly, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is **DENIED** because Applicant had an adequate and effective remedy pursuant to 28 U.S.C. § 2255. It is

**FURTHER ORDERED** that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  23rd  day of December, 2015.

BY THE COURT:

 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court