IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02478-LTB

MR. SOLOMON EDDIE BURNETTE,

    Applicant,

v.

MISS T.K. COZZA RHODES,

    Respondent.

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

    Applicant, Solomon Eddie Burnette, is in the custody of the Federal Bureau of Prisons and is currently incarcerated at the United States Penitentiary, Florence High, in Florence, Colorado.  On December 28, 2015, Applicant filed *pro se* two documents titled "Motion to Show Cause" (ECF No. 9) and "Motion for the Judge to Consider a Clerical Error" (ECF No. 10).  The Court must construe the documents liberally because Applicant is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the "Motion for the Judge to Consider a Clerical Error" will be construed liberally as a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e), and the motion will be denied.  Alternatively, the Court finds that Applicant fails to demonstrate that the remedy available in the sentencing court pursuant to 28 U.S.C. § 2255 is inadequate or ineffective.

**I. Motion to Reconsider**

    A litigant subject to an adverse judgment, and who seeks reconsideration by the

district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  A motion to reconsider filed more than twenty-eight days after the final judgment in an action should be considered filed pursuant to Rule 60(b).  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)).  Applicant's Motion was filed on December 28, 2015, five days after a Final Judgment was entered dismissing this action on December 23, 2015.  Thus, the Court will consider the Motion as filed pursuant to Fed. R. Civ. P. 59(e).  *See Van Skiver,* 952 F.2d at 1243.

It is well established in the Tenth Circuit that grounds for a motion to reconsider pursuant to Rule 59(e) include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of Paraclete v. Does,* 204 F.3d 10005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir. 1995)).  Therefore, a motion to reconsider is "appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Id.*

Plaintiff initiated this action on November 10, 2015, by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) challenging the validity of his conviction and sentence.  On November 12, 2015, the Court reviewed the Application and entered an order (ECF No. 5) directing Applicant to show cause in

writing, within thirty days, why the Application should not be denied because he had an adequate and effective remedy available to him in the sentencing court pursuant to 28 U.S.C. § 2255.  Forty-one days later, on December 23, 2015, the Court dismissed the action because Applicant failed to comply with the November 12 Order to Show Cause by submitting a written response demonstrating that the remedy provided in § 2255 was inadequate or ineffective.  (*See* ECF No. 7).

On December 28, 2015, Applicant filed two documents titled "Motion to Show Cause" ("Response") (ECF No. 9) and "Motion for the Judge to Consider a Clerical Error" (ECF No. 10).  Applicant first argues that the action should not have been dismissed because his Response to the November 12, 2015 Order to Show Cause was timely filed under the prison mailbox rule in *Houston v. Lack,* 487 U.S. 266, 276 (1988). (*See* ECF No. 10).

"The prison mailbox rule, as articulated by the Supreme Court in *Houston v. Lack,* 487 U.S. 266, 276 (1988), holds that a pro se prisoner's notice of appeal will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents."  *Price v. Philpot,* 420 F.3d 1158, 1163-64 (10th Cir. 2005).  The Tenth Circuit has long applied the prison mailbox rule in contexts beyond the filing of a notice of appeal.  *See id.* at 1164.

An inmate can obtain the benefit of the prison mailbox in one of two ways: (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given

to prison authorities and attesting that postage was prepaid.  *Price,* 420 F.3d at 1165.

Applicant asserts that on December 2, 2015, he mailed a motion for an extension of time, which was not delivered to the Court because the Court's address was mislabeled.  (ECF No. 10 at 1).  Applicant further asserts that his Response to the Order to Show Cause was "sealed and posted [sic] prepaid and addressed to this Federal District Court Judge" on December 12, 2015.  (*Id.*).  Applicant's certificate of service states that his Response was placed in "the United States Mail, postage prepaid" on December 12, 2015.  (*Id.* at 3).

The Court finds that Applicant's certificate of mailing does not satisfy the requirements of the prison mailbox rule in order to establish a filing date prior to when the motion actually was received by the Court.  *See Price,* 420 F.3d at 1163-66.  Specifically, Applicant neither states that he placed the motion in the inmate legal mail system at the United States Penitentiary, Florence High, nor alleges that a legal mail system was unavailable and that the documents were given to prison authorities for filing with the Court.  Thus, the Court finds that Applicant fails to demonstrate that timely filing was made under the prison mailbox rule.  Therefore, upon consideration of the Motion and the entire file, the Court finds that Applicant fails to demonstrate some reason why the Court should reconsider and vacate the order dismissing this action.

**II. Response to the Order to Show Cause**

In the alternative, even if the Court were to find that Applicant's Response to the Order to Show Cause was timely filed, the Court finds that Applicant does not demonstrate that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective.

As set forth in the dismissal order, Applicant was convicted on four counts of drug related charges in the United States District Court for the Western District of Tennessee and sentenced to three hundred eighty-seven (387) months imprisonment. *See United States v. Burnette*, No 02:95-cr-20082 (W.D. Tenn. Apr. 17, 1995). Applicant previously challenged the validity of his conviction by filing in the sentencing court a motion pursuant to 28 U.S.C. § 2255 asserting three claims of ineffective assistance of counsel and a due process violation. *See United States v. Burnette,* No. 02-cv-2954-D/V (W.D. Tenn. Oct. 10, 2002). The sentencing court denied the § 2255 motion and denied a certificate of appealability. (*Id.*).

Applicant also filed in the sentencing court a second § 2255 motion seeking relief under *Descamps v. United States*, 133 S. Ct. 2276 (2013), that was dismissed for lack of jurisdiction as an unauthorized second or successive motion. *See United States v. Burnette,* No. 14-cv-02435-SHM (W.D. Tenn. June 9, 2014)*.*

Finally, Applicant has filed in other district courts several petitions pursuant to 28 U.S.C. § 2241 challenging the validity of his conviction and sentence, which have been dismissed for failure to demonstrate that the remedy under § 2255 was inadequate or ineffective. *See e.g., Burnette v. Warden, FCC Coleman-USP I,* No. 11-cv-677-Oc-27TBS (M.D. Fla. Dec. 16, 2011)*; Burnette v. O'Brien,* No. 12cv43 (N.D. W. Va. June 18, 2012); *Burnette v. Daniels,* No. 14cv284 (E.D. Tex. May 22, 2014).

In the instant habeas corpus action, Applicant asserts a due process claim and ineffective assistance of trial counsel claim that challenge the validity of his conviction and sentence. As relief, he asks the Court to vacate his judgment of conviction, order a new trial, and/or order an evidentiary hearing to determine the merits of his claims.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A habeas corpus petition pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

It is clear to the Court, and Applicant does not dispute, that he is challenging the validity of his conviction and sentence in this habeas corpus action. Therefore, his claims must be raised in the Western District of Tennessee in a motion pursuant to § 2255 unless that remedy is inadequate or ineffective.

Applicant bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective. *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). This burden is not easily satisfied because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances"). The test for determining whether the remedy provided in the sentencing court pursuant to §

6

2255 is inadequate or ineffective is whether Applicant's claims could have been raised in an initial § 2255 motion. *See Prost*, 636 F.3d at 584. "If the answer is yes, then the petitioner may not resort to the savings clause [in § 2255(e)] and § 2241." *Id.*

Construing his allegations liberally, Applicant appears to argue in his Response to the Order to Show Cause that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective because his claims are supported by "the Supreme Court's new, narrowing construction of a federal criminal statute," he cannot meet the stringent requirements for filing a second or successive § 2255 motion, and he is actually innocent. These arguments lack merit. First, "the absence of [a case] from the U.S. Reports at the time of a prisoner's first § 2255 motion has [nothing] to do with the question whether § 2255 was an inadequate or ineffective remedial mechanism for challenging the legality of his detention." *Prost,* 636 F.3d at 589. Furthermore, "the mere fact that [a prisoner] is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate." *Caravalho*, 177 F.3d at 1179. Finally, Applicant's actual innocence argument does not persuade the Court that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective because, "[u]nder the *Prost* framework, a showing of actual innocence is irrelevant." *Abernathy v. Wandes*, 713 F.3d 538, 546 n.7 (10th Cir. 2013). Applicant does not present any reasoned argument with respect to the *Prost* test in his Response to the show cause order and he fails to demonstrate that his claims could not have been raised in an initial § 2255 motion. Therefore, the Court finds that Applicant fails to demonstrate that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective; therefore, the action was properly dismissed. *See Abernathy*,

713 F.3d at 557.  Accordingly, it is

ORDERED that the "Motion for the Judge to Consider a Clerical Error" (ECF No. 10), filed *pro se* by Applicant on December 28, 2015, which the Court construed liberally as a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) is DENIED.

DATED at Denver, Colorado, this 28th day of January, 2016.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court